UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

WAYNE D. GRAY,
    *Plaintiff*,

v.

JAY R. WESELMANN, *et al.*
    *Defendants*.

No. 3:15-cv-01016 (JAM)

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

    Notwithstanding that he is a United States citizen, plaintiff Wayne Gray has been previously subject to removal to Jamaica and—upon his re-entry—to re-arrest and criminal prosecution in North Carolina for unlawful re-entry to the United States. Having now been released and exonerated upon an acknowledgement that plaintiff is a United States citizen, plaintiff has filed this lawsuit alleging *Bivens* claims against several federal immigration law enforcement officers including Bryan Moultis, Thomas O'Connell, and Jay Weselmann. He has also alleged liability under the Federal Tort Claims Act against defendant United States of America. Defendants have now moved to dismiss this action, and yesterday I heard oral argument on the motion.

    For substantially the reasons argued by defendants and without objection by plaintiff at oral argument, the Court will grant defendants' motion to dismiss Counts One, Two, and Three against defendants Moultis, O'Connell, and Weselmann for lack of personal jurisdiction over them in the District of Connecticut. In addition, plaintiff concedes that the complaint does not plausibly allege the personal involvement of Weselmann with respect to any of the wrongful conduct he claims.

The Court will otherwise deny defendant United States' motion to dismiss Counts Four, Five, Six, and Seven. As to defendant United States' argument that probable cause existed to support the arrest and prosecution of plaintiff, probable cause is a fact-laden issue that is not ordinarily resolved by means of a Rule 12(b)(6) motion to dismiss and without an opportunity for plaintiff to conduct discovery. *See, e.g., Castro v. Narcisse*, 2013 WL 5423689, at *5-*6 (D. Conn. 2013). Although defendants have adduced evidence strongly suggesting that Moultis and O'Connell had probable cause, it is not inconceivable that discovery may disclose additional facts or conclusions known to Moultis or O'Connell that would dispel the existence of probable cause for their actions.

As to defendant United States' additional arguments that certain of the remaining counts are time barred, plaintiff argues for equitable tolling. "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Mottahedeh v. United States*, 794 F.3d 347, 352 (2d Cir. 2015) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Because equitable tolling is also a fact-laden issue, the Court concludes that discovery concerning the factual basis for equitable tolling is warranted.

Accordingly, the Court concludes that limited discovery is warranted in order to allow for resolution of the arguments for dismissal that have been advanced by defendant United States. The parties shall be permitted to conduct reciprocal and expedited discovery for a period of 90 days until July 15, 2016, that is limited to the issues of probable cause and equitable tolling. To the extent propounded by either party, such discovery may include document requests, interrogatories, and the depositions of plaintiff, Moultis, and O'Connell.

If the parties are unable to agree on the scope and timing of discovery, the parties shall promptly contact chambers. Following the completion of this limited discovery, defendant United States may renew its arguments for dismissal by means of a motion for summary judgment to be filed by August 15, 2016, and with plaintiff to file any response by September 15, 2016. The Court will extend any of these deadlines for good cause or to the extent that the parties agree. In the meantime, all other scheduling obligations and discovery that is not within the scope of this order is hereby stayed pending the Court's disposition of the United States' anticipated motion for summary judgment. In the event that the United States decides not to file a motion for summary judgment as allowed by this order, then the parties shall promptly contact chambers for a status conference and for entry of a general scheduling order.

## CONCLUSION

Defendants' motion to dismiss is GRANTED in part and DENIED in part. Counts One, Two, and Three are DISMISSED, and defendants Moultis, O'Connell, and Weselmann are dismissed as defendants in this case. Counts Four, Five, Six, and Seven against defendant United States shall remain subject to the parties' engagement in limited discovery and the Court's consideration of a motion for summary judgment to address the issues of probable cause and timeliness as described in this order.

It is so ordered.

Dated at New Haven this 15th day of April 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge